**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1452**

ISRAEL GIMMUH ADAMU,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 28, 2016      Decided: January 13, 2017

Before NIEMEYER, TRAXLER, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle Beach-Oswald, Holly Klein, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, Jenny C. Lee, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel Gimmuh Adamu, a native and citizen of Cameroon, petitions for review of orders from the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). For the reasons set forth below, we deny the petition for review.

The Immigration and Naturalization Act (INA) vests in the Attorney General the discretionary power to grant asylum to aliens who qualify as refugees. Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011). A refugee is someone "who is unable or unwilling to return to" his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2012). An asylum applicant has the burden of proving that he satisfies the definition of a refugee to qualify for relief. Djadjou, 662 F.3d at 272. He may satisfy this burden by showing that he was subjected to past persecution or that he has a well-founded fear of persecution on account of a protected ground. See 8 C.F.R. § 208.13(b)(1) (2016). If the applicant establishes past persecution, he has the benefit of a rebuttable presumption of a well-founded fear of persecution. Djadjou, 662 F.3d at 272.

2

If the applicant is unable to establish that he was the victim of past persecution, he must establish a well-founded fear of future persecution. Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010). An applicant faces a heightened burden of proof to qualify for withholding of removal to a particular country under the INA because he must show a clear probability of persecution on account of a protected ground. Djadjou, 662 F.3d at 272. If he meets this heightened burden, withholding of removal is mandatory. However, if the applicant cannot demonstrate asylum eligibility, his application for withholding of removal will necessarily fail as well. Id.

To qualify for protection under the CAT, an applicant bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2016). The applicant need not prove the torture would be inflicted on account of a protected ground. Dankam v. Gonzales, 495 F.3d 113, 115-16 (4th Cir. 2007).

Because the Board "issued its own opinion without adopting the IJ's opinion . . . we review that opinion and not the opinion of the IJ." Martinez v. Holder, 740 F.3d 902, 908 (4th Cir. 2014). We will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. Djadjou, 662 F.3d at 273. The standard of review of the

3

agency's findings is narrow and deferential. Factual findings are affirmed if supported by "substantial evidence on the record considered as a whole." Mulyani v. Holder, 771 F.3d 190, 197 (4th Cir. 2014) (internal quotation marks omitted). Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. Djadjou, 662 F.3d at 273. "Even if the record plausibly could support two results: the one the IJ chose and the one the petitioner advances, reversal is only appropriate where the court finds that the evidence not only supports the opposite conclusion, but compels it." Mulyani, 771 F.3d at 197 (internal quotation marks and alterations omitted).

Because the IJ did not make an adverse credibility determination in this case, Adamu had "a rebuttable presumption of credibility on appeal." 8 U.S.C. § 1158(b)(1)(B)(iii) (2012); Marynenka, 592 F.3d at 600-01 & n.*; see also Lin-Jian v. Gonzales, 489 F.3d 182, 191 (4th Cir. 2007) ("When an IJ is silent on the issue of credibility, it is appropriate to presume that the applicant testified credibly."). Where the applicant is deemed credible, his testimony "'may be sufficient to sustain his burden of proof without corroboration.'" Marynenka, 592 F.3d at 601 (quoting 8 C.F.R. § 208.13(a) (2016)). "However, even for credible testimony, corroboration may be required when it is reasonable to expect such proof and

4

there is no reasonable explanation for its absence." Id. (internal quotation marks omitted). "[A]n asylum applicant should provide documentary support for material facts which are central to his or her claim and easily subject to verification. . . . The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet his burden of proof." In re J-Y-C-, 24 I. & N. Dec. 260, 263 (B.I.A. 2007) (internal quotation marks and brackets omitted). Also, the applicant's corroborating evidence may be rejected so long as the agency provides "specific [and] cogent reasons." Djadjou, 662 F.3d at 276.

First, we conclude that the Board properly reviewed the IJ's factual findings. See 8 C.F.R. § 1003.1(d)(3) (2016). We further conclude that Adamu's applications for relief could be rejected due to insufficient corroborating evidence. See Djadjou, 662 F.3d at 276; see also Eta-Ndu v. Gonzales, 411 F.3d 977, 985 (8th Cir. 2005) (affirming the denial of relief because corroborating evidence lacked authenticity). Finally, we conclude that specific and cogent reasons were offered in support of the diminished weight given to most of Adamu's corroborating evidence and that substantial evidence on the record considered as a whole supports the Board's conclusion that Adamu provided insufficient corroborating evidence in support of his claim. Thus, we conclude that the Board did not

5

abuse its discretion in finding that Adamu did not establish his eligibility for asylum, withholding of removal, or protection under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED